## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEONETTE-DAVIS COLLINS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WILMINGTON; | ) | |
| TANYA WASHINGTON, individually | ) | JURY TRIAL DEMANDED |
| and in her official capacity; JENNIFER | ) | |
| PRADO, individually and in her official | ) | |
| Capacity; CHARLOTTE BARNES, | ) | |
| individually and in her official capacity; | ) | |
| SHEILA MARTIN, individually and in her | ) | |
| official capacity; CHIEF ROBERT J. | ) | |
| TRACY individually and in his official | ) | |
| capacity; and KEITH BROOKS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Leonette Davis-Collins, files this action against the Defendants City of Wilmington, Tanya Washington, Chief of Staff for the Mayor of the City of Wilmington, Jennifer Prado, Director for the Mayor of the City of Wilmington's Office of Constituent Services, Charlotte Barnes, Director of Human Resources for the City of Wilmington, Sheila Martin, Human Resources Administrator for the City of Wilmington, Robert J. Tracy, Chief of the Wilmington Police Department and Keith Brooks for violations of 42 U.S.C. § 1983 for rights secured by the Fourteenth Amendment, Delaware Discrimination in Employment Protections Act, Intentional Infliction of Emotional Distress and Invasion of Privacy.

1

## JURISDICTION

2. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, through 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

3. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Leonette Davis Collins, ("Plaintiff") is a resident of New Castle County Delaware.

6. Defendant, the City of Wilmington, is a municipal government existing under the laws of the State of Delaware pursuant to 40 Del. Laws, Chapter 179, as amended by 46 Del. Laws, Chapter 236, within the Wilmington City Code Art. I, § I-100.

7. Defendant Tanya Washington ("Defendant Washington") is the Chief of Staff for the Mayor of the City of Wilmington and is being sued in her official and individual capacity.

8. Defendant Jennifer Prado ("Defendant Prado") is the Director of Mayor of the City of Wilmington's Office of Constituent Services and is being sued in her official and individual capacity.

9. Defendant Charlotte Barnes ("Defendant Barnes") is the Director of Human Resources for the City of Wilmington and is being sued in her official and individual capacity.

10. Defendant Sheila Martin ("Defendant Martin") is the Human Resources Officer for the City of Wilmington and is being sued in her official and individual capacity.

11. Defendant Robert Tracey ("Defendant Tracey") is the Chief of Police for the City of Wilmington and is being sued in his official and individual capacity.

12. Upon information and belief Defendant Keith Brooks ("Defendant Brooks") is a resident of the State of Delaware.

## ADMINISTRATIVE PROCESS

13. On June 24, 2019, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL").

14. On March 4, 2020, Plaintiff received a Reasonable Cause Determination and Notice of Mandatory Conciliation from the DDOL.

15. On April 13, 2020, Mandatory Conciliation was held before the DDOL, but an impasse was reached.

16. On April 13, 2020, the DDOL issued Plaintiff a Right to Sue Notice.

17. Plaintiff has filed this action under the Delaware Discrimination in Employment Protections Act within ninety (90) days after receipt of her Right to Sue Notice from the DDOL.

18. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTUAL ALLEGATIONS

**The Delaware Department of Labor Findings**

19. On March 4, 2020, the Delaware Department of Labor issued a Reasonable Cause Determination which stated it "found there is reasonable cause to believe that an unlawful employment practice has occurred."

20. In its findings the Delaware Department of Labor found the following:

21. "Charging Party alleged she was sexually harassed by a third-party employee on January 29, 2019."

22. "On or about August 30, 2018, Charging Party filed a similar claim, DAV061818/17C-2018-00585 which was dismissed because it was untimely."

23. "On June 5, 2019, Charging Party saw the harasser in the elevator and became visibly upset as witnessed by a co-worker. Charging Party immediately reported the incident. On July 5, 2019, Respondent saw the harasser in the building and suggested he use the freight elevator."

24. "Charging Party has established she belonged to a protected class (sex), she experienced unwelcome sexual advances, which were so severe that a reasonable person would consider it to be hostile or pervasive."

25. "The DDOL has determined that there is employer liability. Specifically, in this case, Respondent was not able to establish that it reasonably tried to prevent and promptly correct the harassing behavior."

26. "Charging Party first made Respondent aware of the third-party harasser on or about March 3, 2017. However, Respondent took no corrective action until July 5, 2019. Respondent failed to notify the third-party employer that it had an employee that was engaging in sexual harassment. In addition, Respondent failed to ban the third-party employee from its facility. As such Respondent failed to take any preventative actions, thus creating a hostile work environment."

**Plaintiff's Employment with the City of Wilmington**

27. Plaintiff began her employment with the City of Wilmington on December 8, 2008, as a Program Administrator in Real Estate and Housing.

28. Plaintiff currently holds the position of Specialist in the Mayor's Office of Constituent Services.

29. On March 3, 2017, while in the Mezzanine of the Louis L. Redding City/County Building, Plaintiff was touched offensively in a sexual manner by a male courier Defendant, Mr. Keith Brooks ("Defendant Brooks"). Defendant Brooks surreptitiously snuck behind Plaintiff and put his penis on her buttocks, put his hand around her waist, pulled her close to him and tried to kiss her.

30. Plaintiff immediately reported the sexual assault she endured to Ms. Jennifer Prado, ("Defendant Prado"), Director of the Mayor of Wilmington's Office of Constituent Services. Defendant Prado did not respond and failed to take any action.

31. Plaintiff then reported the sexual assault she endured to Ms. Tanya Washington, ("Defendant Washington"), the City of Wilmington Mayor's Chief of Staff. Again, the City through Defendant Washington failed to take any action.

32. In May of 2017, Plaintiff encountered Defendant Brooks again while in the Mezzanine of the Louis L. Redding City/County Building. Defendant Brooks attempted to converse with Plaintiff despite his previous sexual assault.

33. On June 18, 2018, Plaintiff spoke with Ms. Sheila Martin ("Defendant Martin"), in Human Resources for the City of Wilmington in regards to her sexual harassment complaint against Defendant Brooks. Defendant Martin stated she was instructed by Ms. Charlotte Barnes, ("Defendant Barnes"), Director of Human Resources not to get involved.

34. On July 23, 2018, Defendant Brooks approached Plaintiff again during work and stated "Hello there again beautiful. You are just so gorgeous." Plaintiff did not respond.

35. Plaintiff met with Defendant Martin to discuss the continued sexual harassment she was enduring. After the meeting concluded, Plaintiff went to the Mezzanine of the Louis L. Redding City/County Building and boarded the elevator to return to work. When the elevator

stopped and the doors opened, Defendant Brooks entered the elevator. Plaintiff, fearful of being sexually harassed and assaulted again, quickly exited the elevator.

36. Plaintiff began to suffer from a panic attacks, had trouble breathing, and was shaking and crying uncontrollably as a result of Defendant Brooks actions.

37. Plaintiff reported the elevator encounter with Defendant Brooks to Defendant Martin. In response, Defendant Martin stated "Is that the one always saying Good Morning Beautiful and kissing everybody's hand?"

38. On August 15, 2019, months after reporting sexual harassment and sexual assault, Plaintiff finally received correspondence from Defendant City of Wilmington for the first time regarding her sexual harassment complaint. The letter stated in part "an investigation has been conducted and the matter has been closed. Based on our finding's harassment has not been found, however we did find Mr. Brooks acted inappropriate towards you. Since the City of Wilmington could not determine any employer for Mr. Brooks and the City has no jurisdiction over Mr. Brooks, it is recommended that you follow up with the Wilmington Police Department regarding your initial police report with them."

39. Due to Defendant City's inaction, on October 11, 2019, Plaintiff again ran into Defendant Brooks while at work. During this encounter Defendant Brooks made sexual noises to Plaintiff. Plaintiff again suffered from a panic attack and emotional distress.

40. Plaintiff immediately reported the October 11, 2019, incident to Ms. Denecca Guile, Compliance Specialist. Ms. Guile responded by stating Defendant Brooks should be using a different elevator than Plaintiff, however Defendant Brooks continued to use the same elevator, frequently coming into contact with Plaintiff and continuing his sexual harassment.

41. On October 24, 2019, Plaintiff was notified by Ms. Guile she had completed her investigation into Plaintiff's workplace complaints.

42. On November 7, 2019, Plaintiff received another correspondence from Defendant City of Wilmington which stated in pertinent part "An investigation has been conducted and the matter is closed." "Please be aware that the Louis L. Redding City/County Building is a public building and it cannot be necessarily avoided that you and Mr. Brooks may see each other in passing, however you and Mr. Brooks should continue to avoid speaking to one another."

43. Upon information and belief, Defendant City of Wilmington continues to allow Defendant Brooks to frequent the Louis L. Redding City/County Building, continuing to leave Plaintiff vulnerable to sexual harassment.

44. Plaintiff was forced to take time off of work and use her vacation and sick time due to the emotional distress she was suffering as a result of Defendants' actions.

**Plaintiff Reports Sexual Harassment to Wilmington Police Department**

45. Due to Defendants' inaction, Plaintiff again reported the sexually hostile work environment and sexual assault she endured by Defendant Brooks to the Wilmington Police Department.

46. Wilmington Police Department failed to take any action when on notice of the sexual assault Plaintiff endured.

47. Plaintiff's official police report was filed with the Wilmington Police Department on May 22, 2017.

48. After Plaintiff filed her police report, she sent multiple correspondences to Wilmington Police Department requesting a copy of her report.

49. On September 4, 2018, Plaintiff sent an email to Officer Anthony Easterling, the Officer who took her report, Plaintiff did not receive a response.

50. Plaintiff sent another email to Officer Easterling on November 9, 2018. Plaintiff did not receive a response.

51. Plaintiff provided Wilmington Police Department with contact information of her harasser Defendant Brooks on November 9, 2018. Plaintiff did not receive a response.

52. Plaintiff contacted Wilmington Police Department again on December 4, 2018, regarding the status of her police report. Plaintiff did not receive a response.

53. On June 11, 2019, Plaintiff called Wilmington Police Department and spoke to Records Supervisor Lisa Hemphill. Ms. Hemphill advised Plaintiff her report was not officially on file with the Wilmington Police Department despite the fact she filed it over two years prior on May 22, 2017.

54. On August 13, 2019, Plaintiff received a copy of her police report from Ms. Hemphill. The report was dated July 31, 2019, and contained wholly inaccurate information.

55. The Wilmington Police Department failed to investigate Plaintiff's complaint of sexual assault in an effort to protect City of Wilmington from liability.

56. On August 13, 2019, Plaintiff filed a complaint with Wilmington Police Department's Professional Standards Unit for failure to investigate her initial complaint of sexual assault on May 22, 2017.

57. In or around October of 2019, Plaintiff received a letter from Wilmington Police Department Professional Standards Unit stating her complaint was substantiated.

58. Upon information and belief, on May 5, 2020, Defendant Brooks fully confessed to the sexual harassment of Plaintiff to the Wilmington Police Department.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendants:

### COUNT I
### 42 U.S.C. § 1983 – Sexual Harassment and Hostile Work Environment
### Against Defendants City of Wilmington, Washington, Prado, Barnes, Martin and Chief Tracy

59. The allegations of Paragraphs 1 through 58 are incorporated by reference as if fully restated herein.

60. The incidents of sexual harassment described in the above paragraphs had the effect of substantially interfering with Plaintiff's work performance by creating a hostile, intimidating and offensive working environment amounting to unlawful sex discrimination in violation of Plaintiff's right under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

61. Defendants City of Wilmington, Washington, Prado, Barnes, Martin and Chief Tracey violated the rights secured to Plaintiff by 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to be free from sex discrimination in public employment in that, having actual or constructive knowledge of the sexual harassment and assault committed by Defendant Brooks, Defendants acted with deliberate indifference to Plaintiff's rights, in failing to intervene to stop the unlawful conduct, in failing to properly control Defendant Brooks, and in failing to remedy Defendant Brook's conduct after they learned about it.

62. Defendants City of Wilmington, Washington, Prado, Barnes and Martin, knew of the sexual harassment and assault Plaintiff endured by way of Defendant Brook as it was reported to each of them individually by Plaintiff.

63. Defendant Chief Tracy knew Defendant Brook's sexually assaulted Plaintiff as she reported the sexual assault to the Wilmington Police Department in 2017.

64. Defendants consciously acquiesced to the known sexually discriminatory and harassing conduct by Defendant Brooks by willfully failing to respond to it or take any action.

65. As a result of Defendants' deliberate indifference to Plaintiff's rights and acquiescence of Defendant Brook's sexually discriminatory conduct, Plaintiff continued to be sexually harassed by Defendant Brooks and subjected to a hostile work environment.

66. As a direct and proximate result of Defendants' acts and conduct which caused Plaintiff to be denied equal protection under the law, Plaintiff has suffered those injuries damages and losses alleged herein and has incurred attorney's fees.

**COUNT II**
**Violations of 42 U.S.C. § 1983 – Failure to Train and Supervise**
**Against Defendants City of Wilmington, Washington, Prado, Barnes, Martin and Chief Tracey**

67. The allegations of Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68. Defendant City of Wilmington acted with deliberate indifference to Plaintiff's constitutional rights when it failed to establish appropriate policies and procedures and appropriately train and supervise its employees, namely Defendant Washington, Prado, Barnes, Martin and Tracey on the investigation and prevention of sexual harassment and assault in the workplace and within Wilmington Police Department.

69. Defendant Jennifer Prado, individually and in her official capacity of Director of Mayor of the City of Wilmington's Office of Constituent Services acted with deliberate indifference to Plaintiff's constitutional rights when she failed to appropriately train and supervise her subordinates on the investigation and prevention of sexual harassment and assault in the

workplace, namely the Mayor's Office. Upon notice of the sexual assault of Plaintiff, one of its employees, the Mayor's office had a duty to investigate Plaintiff's report of sexual assault and harassment. Instead, Defendant Prado failed to take any remedial action and thereby consciously acquiesced to Defendant Brook's conduct.

70. Defendant Tanya Washington, individually and in her official capacity as Chief of Staff of the Mayor's Office at City of Wilmington acted with deliberate indifference to Plaintiff's constitutional rights when she failed to appropriately train and supervise her subordinates on the investigation and prevention of sexual harassment and assault in the workplace. Upon notice of the sexual assault of Plaintiff, Defendant Washington had a duty to investigate Plaintiff's report of sexual assault and supervise its employees to ensure a proper investigation was carried out into Plaintiff's reports of sexual assault and harassment. Instead, Defendant Washington failed to take any action and thereby consciously acquiesced to Defendant Brook's conduct.

71. Defendant Charlotte Barnes, individually and in her official capacity of Director of Human Resources for the City of Wilmington, acted with deliberate indifference to Plaintiff's constitutional rights when she failed to appropriately train and supervise her subordinates on the investigation and prevention of sexual harassment and assault in the workplace. Upon notice of the sexual assault of Plaintiff, Defendant Barnes had a duty to investigate Plaintiff's report of sexual assault and supervise its employees to ensure a proper investigation was carried out into Plaintiff's reports of sexual assault and harassment. Instead, Defendant Barnes failed to take any action and thereby consciously acquiesced to Defendant Brook's conduct.

72. Defendant Sheila Martin, individually and in her official capacity of Human Resources Administrator of the City of Wilmington acted with deliberate indifference to Plaintiff's constitutional rights when she failed to appropriately train and supervise her subordinates on the

investigation and prevention of sexual harassment and assault in the workplace. Upon notice of the sexual assault of Plaintiff, Defendant Martin had a duty to investigate Plaintiff's report of sexual assault and supervise its employees to ensure a proper investigation was carried out into Plaintiff's reports of sexual assault and harassment. Instead, Defendant Martin failed to take any action and thereby consciously acquiesced to Defendant Brook's conduct.

73. Defendant Chief Tracy acted with deliberate indifference to Plaintiff's constitutional rights when he failed to establish appropriate policies and procedures and appropriately train and supervise officers when faced with complaints of sexual assault.

74. Defendants had knowledge its employees, including Plaintiff may confront discrimination including sexual harassment at the City of Wilmington and its public buildings.

75. Defendants had knowledge the sexual harassment and assault Plaintiff endured would result in the deprivation of her constitutional rights.

76. Defendants were aware of history of discrimination within the City of Wilmington.

77. Defendants intentionally failed to take measures reasonably calculated to end or mitigate the sexual harassment and assault of Plaintiff, failed to enforce effective discipline against Defendant Brooks, protect Plaintiff, and eliminate or curtail sexual harassment and assault against her.

78. As a direct and proximate result of Defendants acts and conduct which caused Plaintiff to be denied equal protection under the law, Plaintiff has suffered those injuries damages and losses alleged herein and has incurred attorney's fees.

## COUNT III
### 42 U.S.C. § 1985 - Civil Conspiracy
### Against Defendants City of Wilmington and Defendant Tracy

79. The allegations of Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80. Defendants City of Wilmington and Chief Tracy intentionally, knowingly, or recklessly committed acts which operated to deprive Plaintiff of her rights secured by the Constitution.

81. Section 1985 of Title 42 of the United States Code affords protection from officials conspiring to interfere with civil rights. 42 U.S.C. § 1985.

82. Defendants' intentional acts under the color of state law violated Plaintiff's rights under 42 U.S.C. § 1985 and were otherwise unconstitutional, unlawful and invalid, and as a result, Plaintiff has been unlawfully deprived of the legal right to equal protection and has been injured as a result of the City of Wilmington and Wilmington Police Department's actions.

83. Defendant City of Wilmington and Defendant Chief Tracy, acting in concert, agreed and/or conspired together to disrupt, obstruct and interfere with Plaintiff's ability to have her workplace report and police report of sexual assault investigated in unbiased and prompt manner, denying Plaintiff equal protection of the laws.

84. As a direct and proximate result of Defendants' conspiracy to intentionally and maliciously deprive Plaintiff of her constitutional rights and other unlawful and improper conduct, Plaintiff has sustained irreparable harm.

**COUNT V**
**Discrimination Based on Sex in Violation of the Delaware Discrimination in Employment Act 19 *Del. C.* § 710, et seq.**
**Against Defendant City of Wilmington**

85. The allegations of Paragraphs 1 through 84 are incorporated by reference as if fully restated herein.

86. Defendant City of Wilmington employs four or more employees within the State of Delaware and is an "Employer" as defined by the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 710(7).

87. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by the DDEA, 19 *Del. C.* § 710(6).

88. Plaintiff received a Right to Sue letter from the DDOL on April 13, 2020. Plaintiff has satisfied all statutory prerequisites for filing this action.

89. Defendant City of Wilmington discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the DDEA.

90. Defendant subjected Plaintiff to disparate treatment based upon her sex including, but not limited to, subjecting her to sexual harassment and a hostile work environment and refusing to adequately investigate her claims of sexual harassment and discrimination.

91. Plaintiff was discriminated against and subjected to unwelcome sexual harassment, including but not limited to the conduct of Defendant Brooks.

92. The discrimination and harassment were based upon Plaintiffs' sex.

93. The discrimination and harassment were severe and pervasive, thus altering the condition of Plaintiff's employment and creating an abusive work environment.

94. The discrimination and harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile, and offensive working environment.

95. Under the EEOC Guidelines, 29 C.F.R. § 1604.1 l(e), "an employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing these cases the Commission will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees."

96. Defendant did not try to prevent the discriminatory and harassing behavior.

97. Defendant acquiesced in the discriminatory and harassing conduct by creating and allowing to exist a hostile, intolerable, offensive and abusive workplace that a reasonable person would consider intimidating, hostile, or abusive.

## COUNT VI
### Intentional Infliction of Emotional Distress
### Against Defendant Keith Brooks

98. The allegations of Paragraphs 1 through 97 are incorporated by reference as if fully restated herein.

99. Defendant Brooks sexually assaulted Plaintiff in 2017 and thereafter sexually harassed her during her employment with Defendant City of Wilmington.

100. Defendant Brooks acted in a manner so extreme and outrageous that it exceeds all reasonable bounds of decency.

101. The above conduct was done intentionally and/or recklessly with the intent to cause severe emotional distress and/or mental trauma to Plaintiff.

102. Defendant Brooks' conduct caused Plaintiff's injuries.

103. Because of Defendant Brooks' aforementioned conduct, Plaintiff has suffered, and continues to suffer from severe emotional distress.

104. Because of Defendant Brooks' intentional and/or reckless conduct, Plaintiff is entitled to all damages permitted by law.

## COUNT VII
### Invasion of Privacy Against Defendant Keith Brooks

105. The allegations of Paragraphs 1 through 104 are incorporated by reference as if fully restated herein.

106. Defendant Brooks intentionally intruded upon the solitude and seclusion of Plaintiff's privacy when he sexually assaulted her and thereafter sexually harassed her in the Lois L. Redding City/County Building during her employment with the City of Wilmington.

107. Defendant Brooks actions of placing his penis on Plaintiff's butt, putting his hands around her waist trying to kiss her as well as making sexual noises and comments to Plaintiff was highly offensive to Plaintiff.

108. As a result, Plaintiff suffered damages consistent with the tort of invasion of privacy, including but not limited to physical and emotional injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

    A. Declare the conduct by Defendants to be in violation of Plaintiff's statutory rights and common law rights.

    B. Awarding Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and

post judgment interest, equity, liquidated damages, punitive damages and any or all pecuniary damages.

C. Awarding Plaintiff all compensation due as a result of Defendants' violations herein.

D. Awarding Plaintiff an equal and additional amount as liquidated damages.

E. Awarding Plaintiff costs and reasonable attorney's fees.

F. Awarding Plaintiff pre and post judgment interest at the legal rate.

G. Any and all such other relief as the Court deems appropriate under the circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Emily A. Biffen (#6639)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
emily@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: June 5, 2020