# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONETTE DAVIS-COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WILIMINGTON; TANYA WASHINGTON, individually and in her official capacity; JENNIFER PRADO, individually and in her official capacity; CHARLOTTE BARNES, individually and in her official capacity; SHEILA MARTIN, individually and in her official capacity; ROBERT J. TRACY, individually and in his official capacity; and KEITH BROOKS,<br><br>    Defendants. | Civil Action No. 20-758-RGA |

## MEMORANDUM ORDER

Plaintiff moves under Local Rule 7.1.5 for re-argument of my order (D.I. 21, 22) granting Defendants' motion to dismiss Count V of Plaintiff's Complaint, discrimination based on sex under Section 710 of the Delaware Discrimination in Employment Act (DDEA). (D.I. 28). I have considered the Plaintiff's motion and Defendants' response (D.I. 33).

A motion for re-argument under Local Rule 7.1.5 may be granted under one of three circumstances: (1) "where the Court has patently misunderstand a party," (2) "where the Court has made a decision outside the adversarial issues presented to the Court by the parties," or (3) "where the Court has made an error not of reasoning but of apprehension." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295 (D. Del. 1998) (cleaned up). A motion for re-argument "should be denied

1

where the proponent simply rehashes materials and theories already briefed, argued, and decided." *Id.*

The Third Circuit has more generally explained that a motion for reconsideration may be granted where a party shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Anna, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiff does not raise any changes in the controlling law nor the availability of new evidence. Plaintiff instead alleges (1) legal error in my finding that Plaintiff had not alleged harassment sufficiently "severe or pervasive" to state a claim under the DDEA, because "courts have regularly found that the severe or pervasive factor is not amenable to resolution in a motion to dismiss" (D.I. 28 ¶ 10), and (2) that, in concluding that Plaintiff's allegation of physical sexual assault by Defendant Brooks was not actionable against the City of Wilmington because it was an unforeseen assault by a non-employee in a public space, I decided an issue outside of those presented by the parties. (*Id.* ¶ 15).

With respect to Plaintiff's first argument, I do not think Plaintiff has identified a "clear error of law" warranting re-argument and reconsideration. The cases Plaintiff cites in support of the proposition that "the severe or pervasive factor is not amenable to resolution in a motion to dismiss" all involve factual circumstances where the pervasiveness or severity of the allegations was either clearly greater or more uncertain than the allegations here. *See Sztroin v. PennWest Indus. Truck, LLC*, 2017 WL 4355575, at *5-6 (W. D. Pa 2017) (plaintiff alleged, "Defendants

consistently treated her differently from the male employees; they excluded her from necessary meetings and communications essential to perform her job;" "she was systematically shunned by her boss for three years, she was precluded from interacting with her subordinate employees and important clients"); *Blazevich v. Star hotels, Inc.*, 2021 WL 1214688, at *2 (W.D. Pa. Mar. 31, 2021) (plaintiff alleged, "On numerous occasions Defendant Shilling would position his person in the hallway entrance to the hotel rooms that Plaintiff was cleaning, resulting in Plaintiff being physically trapped," and, "Defendant Shilling used Plaintiff's housekeeping service cart to block Plaintiff from escaping and then 'touched, groped and assaulted' Plaintiff without her consent, making sexual advances and grasping her body while physically preventing her from escaping"); *Hill v. Corinthian Condo. Ass'n Inc.*, 2021 WL 1124782, at *5 (E.D. Pa. Mar. 24, 2021) (finding that although the alleged harassing comments were "facially nondiscriminatory," they were "susceptible to an argument that they exhibit racial and/or religious animus"); *Spain v. Gallegos*, 26 F.3d 439, 448-49 (3d Cir. 1994) (finding that where Plaintiff alleged she "was subjected to the spreading of false rumors about her sexual affairs that impugned the integrity of her job performance," and "led supervisory personnel to evaluate Spain negatively for advancement purposes," there were "factual questions for trial of whether the rumors developed and persisted as a result of [defendant's] improper behavior"). I agree with Plaintiff that in situations where the severity or pervasiveness of the alleged harassment is uncertain, dismissal before discovery is inappropriate.

By contrast, here, discovery would not aid Plaintiff for two reasons. First, there is no uncertainty around the pervasiveness of the harassment – Plaintiff alleged a discrete number of encounters with Defendant Brooks. Plaintiff was present for each incident; if there was something

more that happened in any of the incidents, she could have alleged it.[1]  Second, I found that Plaintiff's allegations of harassment attributable to the City of Wilmington (that is, the four non-physical incidents), viewed in the light most favorable to Plaintiff, were not severe enough to state a claim under Title VII (and therefore under the DDEA).  The very purpose of the "viewed in the light most favorable to the non-moving party" standard is to construct a hypothetical scenario in which all of Plaintiff's allegations have been borne out by the evidence. If, even then, Plaintiff has failed to state a claim, then discovery would be futile.

With respect to Plaintiff's second argument, I do not agree that my decision was "outside the adversarial issues presented to the Court by the parties." *Schering*, 25 F. Supp.2d at 295. The issue presented by the parties was whether Plaintiff's allegations of harassment stated a claim against the City of Wilmington under the DDEA. Defendants argued in their opening brief, "Case law interpreting the Civil Rights [A]ct of 1964 ('Title VII') is instructive in analyzing DDEA claims." (D.I. 7 at 17 n.4). *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990), the case Defendants cited in their opening brief as authority for the Third Circuit's hostile work environment standard, holds that *respondeat superior* liability is one of five necessary elements for establishing the existence of a hostile work environment under Title VII. Therefore, although Defendants did not expressly make this argument in their opening brief, my finding that the City of Wilmington cannot be held liable for the unforeseeable conduct of a non-employee in a public space was well within the scope of "the adversarial issues presented to the Court by the parties."

Regardless, Plaintiff's allegations are insufficient to plausibly show that the City of Wilmington was on notice of Defendant Brooks' inappropriate conduct such that the initial March

---

[1]  I dismissed Count V without prejudice.

2017 assault should have been foreseeable to the City. Plaintiff's only allegation related to the City's pre-March 2017 knowledge of Brooks' behavior is that when Plaintiff discussed Brooks' harassment with Defendant Martin, sometime after July 23, 2018, "Defendant Martin stated 'Is that the one always saying Good Morning Beautiful and kissing everybody's hand?'" (D.I. 1 ¶ 37). This vague statement, made over a year after the assault occurred, referencing undated and different behavior, is insufficient to plausibly show the March 2017 assault was foreseeable to the City of Wilmington.

For these reasons, Plaintiff's motion for re-argument (D.I. 28) is DENIED.

IT IS SO ORDERED.

Entered this 22 day of April, 2022.

_/s/ Richard G. Andrews_
United States District Judge